UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| ISABEL CHAVEZ, | Case No.: 2:23-cv-01282-APG-DJA |
|---|---|
| Plaintiff | **Order Granting Motion to Remand** |
| v. | [ECF No. 6] |
| COSTCO WHOLESALE CORPORATION, | |
| Defendant | |

Plaintiff Isabel Chavez started this case by filing her complaint in state court. In the "Jurisdiction" section of the complaint, Chavez stated that her damages "are in excess of Seventy Five Thousand Dollars." ECF No. 1 at 10. That allegation was repeated in her First and Second Amended Complaints. *See, e.g., id.* at 23. Defendant Costco Wholesale Corporation was served with the complaint by March 8, 2023. *Id.* at 20. Costco removed the case to this federal court on August 17, 2023 based on diversity jurisdiction. 28 U.S.C. § 1332. *Id.* at 1. Chavez now moves to remand the case to state court because it was not timely removed. ECF No. 6.

A defendant may remove a case within 30 days of receipt of the initial pleading if it is removable at that time. 28 U.S.C. § 1446(a). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Costco contends it was not aware the case was removable until Chavez filed a petition in the state court to exempt the case from arbitration. ECF No. 1 at 3-5. That petition disclosed that Chavez's medical bills exceeded $198,000, so Costco based its removal notice on that disclosure. *Id.* at 5.

Chavez contends Costco was aware all along that the court's jurisdictional amount was satisfied because her initial complaint stated that her damages "are in excess of Seventy Five Thousand Dollars." ECF No. 1 at 10.  Because Costco removed more than 30 days after it received the initial complaint, removal was untimely.

"If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . ." 28 U.S.C. § 1446(c)(2).  Chavez's initial complaint specifically alleged that her damages exceed $75,000.  Costco contends this is simply "boilerplate language" and "template language" that it could ignore. ECF No. 10 at 5.  It did so at its peril.  It was facially evident from the complaint that the case was removable.[1]  If Costco wanted to remove the case, it should have done so within 30 days of receiving the complaint.  Because it removed the case well later than that, removal was untimely.  So I grant the motion to remand.

I THEREFORE ORDER that the plaintiff's motion to remand **(ECF No. 6) is GRANTED.**  This case is remanded to the state court from which it was removed for all further proceedings.  The Clerk of the Court is instructed to close this case.

DATED this 18th day of September, 2023.

                                ANDREW P. GORDON
                                UNITED STATES DISTRICT JUDGE

---

[1] Costco also could have asked Chavez's counsel whether Chavez was seeking more than $75,000.

2